## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:**<br><br>**TRAVIS EVAN BLACKBURN**<br>**and TABITHA MICHELE**<br>**BLACKBURN,**<br><br>**Debtors.** | **Bankruptcy Case**<br>**No. 10-03005-JDP** |

## MEMORANDUM OF DECISION

**Appearances:**

    Rudy L. Patrick, BROWN & PATRICK, Boise, Idaho, for Debtors.

    Jeremy J. Gugino, Chapter 7 Trustee.

### *Introduction*

Chapter 7[1] trustee Jeremy J. Gugino ("Trustee") objected to the claim

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the

MEMORANDUM OF DECISION – 1

of exemption of Travis and Tabitha Blackburn ("Debtors"), pursuant to Idaho Code § 11-605(3), in a tool trailer, a compressor and other tools. Docket No. 15. Debtors responded to Trustee's objection, and a hearing was conducted on December 15, 2010, at which the parties appeared and testimony was offered. After supplemental briefing, Trustee's objection was taken under advisement. The Court has now considered the testimony and arguments presented, the submissions of the parties and the applicable law. This Memorandum sets forth its findings of fact, conclusions of law, and resolves the objection. Fed. R. Bankr. P. 7052; 9014.

*Facts*

Prior to 2009, Debtor Travis Blackburn owned Blackburn Brothers Construction, Inc. ("BBC"). BBC framed homes, built homes from the foundation up through the roof, and installed exterior siding. With the onset of the current economic recession, BBC's business slowed, and Mr. Blackburn had to seek employment elsewhere.

Debtor went to work for Concrete Placing Co. in October 2008, and

---

Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 2

he has been continuously employed there ever since, with the exception of a three month layoff. During the course of his workday, Mr. Blackburn sets forms, pours concrete, helps with general labor, and cleans up the job. While his employer supplies all necessary large tools, Mr. Blackburn uses his own hand tools, including a skill saw, trowel, level, nail bags, safety harness and lanyards.[2] According to his bankruptcy Schedule I, Mr. Blackburn's income is sufficient to pay his family's monthly bills, leaving a small surplus at the end of each month. Docket No. 1.

Mr. Blackburn has continued his attempts to obtain jobs for BBC, and remains willing, indeed anxious, to resume work as a skilled carpenter. BBC had one significant contract in 2009; however, after completion of that project, there was money to pay BBC's employees, but none to pay Mr. Blackburn. He also built a shop for a friend during 2009, but that effort generated no appreciable income. Mr. Blackburn acknowledges that an upturn in the economy is necessary for him to be

---

[2] At the hearing, after the testimony, Trustee withdrew his objection to Debtors' claim of exemption in these items.

MEMORANDUM OF DECISION – 3

able to resume his carpentry work full-time.

On September 15, 2010, Debtors filed a chapter 7 petition and claimed a tool trailer, compressor and other tools exempt under Idaho Code § 11-605(3). Trustee objected to the claimed exemptions.

*Analysis and Disposition*

When a bankruptcy petition is filed, a case is commenced and "all legal or equitable interests of the debtor in property" become the property of the bankruptcy estate, available for liquidation and distribution to creditors. § 541(a)(1). However, § 522(b)(1) allows individual debtors to exempt property from the bankruptcy estate, and thus shield it from administration by a chapter 7 trustee. Because Idaho has "opted out" of the Code's exemption scheme, debtors in this state may claim only those exemptions allowable under Idaho law, as well as those listed in § 522(b)(3). Idaho Code § 11-609; 11 U.S.C. § 522(b)(3).

As the objecting party, Trustee bears the burden of proving that Debtors' claim of exemption is not proper. Rule 4003(c). In Idaho,

MEMORANDUM OF DECISION – 4

exemption statutes are liberally construed in favor of the debtor. *In re Moore*, 05.3 I.B.C.R. 51, 51 (Bankr. D. Idaho 2005) (citing *In re Duman*, 00.3 I.B.C.R. 137, 137 (Bankr. D. Idaho 2000)).

Under Idaho law, an Idaho debtor is permitted an exemption "not exceeding two thousand five hundred dollars ($2,500) in aggregate value, of implements, professional books, business equipment and tools of the trade . . . ." Idaho Code § 11-605(3). Debtors contend that the trailer, compressor and carpentry tools are exempt because Mr. Blackburn intends to return to carpentry as soon as the economy recovers. Trustee disagrees, and this Court's prior decisions do not support Debtors' position.

For example, the facts of *In re Moore, supra*, are similar to the present case. The debtor had supported his family for many years by building furniture. He owned his own furniture business and a number of woodworking tools. The debtor then sustained a shoulder injury that required surgery, and while he was recuperating, in order to support his family, he took a job at a glass business. While the debtor would have

MEMORANDUM OF DECISION – 5

preferred to work at his chosen profession, woodworking, he earned substantially more money in his substitute occupation than he had building furniture.  However, like Mr. Blackburn, the debtor in *In re Moore* continued to solicit orders for his furniture-making business.  When he filed for bankruptcy relief, he claimed his woodworking tools as exempt, and the trustee objected.  The Court sustained the trustee's objection noting that "one of the primary components in analyzing whether a debtor is entitled to exempt tools of the trade is whether the debtor truly needs those tools for the debtor's financial support."  *Id*. at 51 (citing with analysis, *In re Fancher*, 94 I.B.C.R. 39, 39 (Bankr. D. Idaho 1994) (tool must be actually utilized in earning a living); *In re Biancavilla*, 94 I.B.C.R. 150, 151-52 (Bankr. D. Idaho 1994) (tool must be necessary for Debtor's continued employment); *In re Moon*, 89 I.B.C.R. 26, 29 (Bankr. D. Idaho 1989) (tool must be necessary in order to continue occupation)).

As was the case in *In re Moore,* here the evidence provided by Mr. Blackburn himself clearly shows that he does not need the trailer,

MEMORANDUM OF DECISION – 6

compressor and tools in order for him to perform his current job or to support his family.[3]

Of course, some people work at more than one job, especially when economic times are tough.  But where a debtor has more than one trade or occupation, the Court "has required not only that the tools in question be necessary for the debtor to continue in a chosen occupation, but also that the income generated from the occupation in which the tools are used be necessary for the debtor's continued financial support."  *In re Moore*, 05.3 I.B.C.R. at 52 (citing *In re Liebe*, 92 I.B.C.R. 145, 146 (Bankr. D. Idaho 1992)); *In re Sievers*, 96.1 I.B.C.R. 5 (Bankr. D. Idaho 1996).

Mr. Blackburn has established that he has two trades.  But, like the debtor in *Moore*, Mr. Blackburn's inability to generate carpenter income, coupled with his decision to take a full-time job placing concrete to pay his bills while he awaits economic recovery, has consequences in the

---

[3] Recall, Trustee withdrew his objection to the claim of exemption in the hand tools and other implements that Mr. Blackburn uses in his concrete work.

MEMORANDUM OF DECISION – 7

bankruptcy context. Because Mr. Blackburn's concrete work provides an adequate income to meet his family's basic needs, at this time, the tools formerly used in his carpentry work are not necessary, and therefore, not exempt under Idaho Code § 11-605(3).

## *Conclusion*

While Mr. Blackburn undoubtedly would prefer carpentry to concrete work, the Idaho exemption statute protects only those tools necessary for him to make a living, not those which he may use if economic conditions improve. Because Mr. Blackburn performs his duties with the concrete company without the need for a trailer, compressor and carpentry tools, and because Debtors can meet their monthly financial obligations without Mr. Blackburn engaging in any outside carpentry work, these items are not exempt in this bankruptcy case.

Trustee's Objection to Claim of Exemption is sustained. A separate order will be entered.

MEMORANDUM OF DECISION – 8

Dated: January 19, 2011

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 9